IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TREE JANICE KADAYSO,

      Petitioner,

v.                                       No. 1:24-cv-0029 MIS-LF

MESCALERO APACHE TRIBE, *et al.*,

      Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED
*IN FORMA PAUPERIS* AND DIRECTING AMENDMENT**

      This matter is before the Court on Petitioner's "Petition for Tribal Writ of Habeas Pursuant to 25 U.S.C. § 1303 & 28 U.S.C. § 2241," (Doc. 1) ("Petition"), and Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. 2) ("IFP Motion").   Petitioner is proceeding *pro se*.   The Court grants Petitioner's IFP Motion and directs Petitioner to file an amended petition as set forth below.

      Petitioner has filed a 263-page Petition titled "Petition for Tribal Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 & 28 U.S.C. § 2241," in which she brings claims against more than 40 respondents.   *See* (Doc. 1) at 1-2.   Petitioner appears to mainly challenge her banishment from the Mescalero Apache Tribe, but she raises additional claims, including violations of the Constitution of the Mescalero Apache Tribe, the United States Constitution, and several federal statutes, including 42 U.S.C. § 1983.   *See id.* at 18-22.   It is not clear whether Petitioner intends to raise claims on behalf of other parties, such as her children and/or a person named "Dennett Jerome Chee."   *See id.* at, *e.g.*, 7-9, 23-25.   Petitioner seeks relief in the form of criminal

charges against respondents, various types of injunctive relief, and monetary damages.  *Id.* at 22-24, 26.

Petitioner's claims are subject to preliminary review under Habeas Corpus Rule 4 and must comply with the pleading standards set forth in Habeas Corpus Rule 2.  *See* Habeas Corpus Rule 1(b) ("Other Cases. The district court may apply any or all of these rules to a habeas corpus petition [not brought by a person in custody under a state-court judgment]."); *Pacheco v. Geisen*, 2019 WL 1493853, at *1, n.1 (D.N.M.) ("The Court has determined that the rules governing 28 U.S.C. § 2254 apply to actions under 25 U.S.C. § 1303.").  Habeas Corpus Rule 2 provides that a habeas petition must specify the grounds for relief, state the facts supporting each ground, and state the relief requested.  Additionally, Fed. R. Civ. P. 8(a) requires each federal pleading to contain a short and plain statement of the grounds for relief.  *See Tuttamore v. Lappin*, 429 Fed. App'x 687, 689 (10th Cir. 2011) ("Rule 8 serves the important function of enabling the court and the defendant to know what claims are being asserted and to determine how to respond to those claims.").

The Court here cannot perform its Rule 4 review of the Petition because it is unclear what claims Petitioner seeks to assert.  Instead of providing a short and plain statement showing her entitlement to relief and specifying the relief she seeks, Petitioner's claims are presented in a "kitchen-sink" or "shotgun" style, which "brings every conceivable claim against every conceivable defendant."  *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan.) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading.").  Shotgun pleadings are

2

"pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young*, 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 Fed. App'x 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").

Accordingly, Petitioner must file an amended petition within thirty (30) days of entry of this Order. Petitioner must clarify what her habeas claims are and clearly identify the proper respondents. If Petitioner wishes to challenge her banishment under 25 U.S.C. § 1303 of the Indian Civil Rights Act ("ICRA"), she must address in the amended petition whether she has exhausted her tribal remedies. *See Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1054 (10th Cir. 2022) (holding tribal exhaustion is a threshold issue in cases challenging tribal banishment, and finding district court erred when it determined the "in custody" jurisdictional requirement without first determining that tribal remedies had been exhausted); *see also Dry v. CFR Court of Indian Offenses for the Choctaw Nation,* 168 F.3d 1207, 1209 (10th Cir. 1999) (when presented with a § 1303 petition for habeas relief, the federal court must, in the first instance, determine whether the petitioner has exhausted tribal remedies); *Channing v. Seneca-Cayuga Nation*, 2024 WL 4271569, *4 (N.D. Okla.) ("Respect for tribal sovereignty requires" district court to first determine whether banished members have exhausted tribal remedies prior to determining "complex conceptual questions surrounding banishment,

including the relationship between 'detention' under ICRA and 'custody' under federal case law.") (citations and internal quotation marks omitted).   Typically, exhaustion of tribal remedies means pursuing them "to the final available forum," such as the tribal appellate courts or "the Tribe's supreme governmental body."   *Id.* at 4-5.   Further, "tribal exhaustion means an actual attempt, not merely speculation," and may not be bypassed by alleging "speculative futility" or "pessimism about tribal remedies."   *Id.* at 5 (citations omitted).

    Petitioner is required to abide by the rules governing federal and local civil procedure. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.").   The amended petition must comply with Fed. R. Civ. P. 8(a) and contain a short and plain statement of the grounds for relief.   *See McNamara*, 570 Fed. App'x at 743 (the Court will not "sort through a lengthy … complaint and voluminous exhibits … to construct [a petitioner's] causes of action").   If the amended petition includes exhibits, they should relate specifically to the claims in the petition.   To the extent Petitioner intends to pursue claims under Section 1983 or seek money damages, she must file a separate civil rights complaint.   However, federal courts do not have jurisdiction to review the judicial acts of tribal courts under any statute, including 25 U.S.C. §§ 1301-1303.   *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 70 (1978) (Congress did not provide a private right of action in ICRA, but provided only the remedy of habeas corpus).   Petitioner also may not represent or act on behalf of others.   *See Lewis v. Clark*, 577 Fed. App'x 786, 793 (10th Cir. 2014) (unpublished) (a "litigant may bring his own claims to federal court without counsel, but not the claims of others") (citations

omitted).   Petitioner is warned that if she fails to timely file an amended petition that complies with this Order, the Court may dismiss this action without further notice.

**IT IS THEREFORE ORDERED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, (**Doc. 2**), is **GRANTED**;

**IT IS FURTHER ORDERED** that, within thirty (30) days from entry of this Order, Petitioner shall file an amended petition that complies with this Order.

Laura Fashing
United States Magistrate Judge