IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TREE JANICE KADAYSO,

        Petitioner,

v.                                                                             No. 1:24-cv-00029-MIS-LF

MESCALERO TRIBAL COUNCIL, et al.,

        Respondents.

## ORDER GRANTING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on petitioner Tree Janice Kadayso's pro se motion for appointment of counsel in this tribal banishment habeas corpus case filed under 25 U.S.C. § 1303 and 28 U.S.C. § 2241. Doc. 7. United States District Judge Margaret Strickland referred this case to me to "conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 10. Motions to appoint counsel raise a "nondispositive matter" that I have authority to decide under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72. *Howden v. Marcantel*, No. 2:14-cv-00459-MCA-GBW, 2014 WL 12789681, at *1 (D.N.M. July 17, 2014). For the reasons below, I grant the motion to appoint counsel.

"The decision to appoint counsel [in a habeas proceeding] is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Courts should examine "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Considering these factors, I conclude that it is appropriate to appoint counsel in this case. Ms. Kadayso's pro se habeas petition, while difficult to follow in certain places, raises complex issues concerning whether the Mescalero Tribal Council denied her constitutional and statutory rights by allegedly failing to notify her of the charge leading to her banishment and to provide her an opportunity to appeal the banishment order.  *See* Doc. 8.  Because the appointment of counsel will aid both the parties and the Court in this matter, granting the motion is in the interest of justice. The Court will therefore grant the motion to appoint counsel and appoint CJA panel member Todd A. Coberly, who has agreed to serve as counsel.

It is THEREFORE ORDERED that the motion to appoint counsel (Doc. 7) is GRANTED. Effective May 12, 2025, Mr. Coberly is appointed counsel for Ms. Kadayso under the Criminal Justice Act, 18 U.S.C. § 3006A, the CJA Guidelines, and the Order Adopting CJA Plan (Doc. 27 in 15-mc-00004).

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge